NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| METAL PARTNERS, LLC, : | |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Civ. No. 10-1986 (WHW) |
| : | |
| RCS CONSTRUCTION, LLC : | |
| : | |
| Defendant. : | |

**Walls, Senior District Judge**

Defendant RCS Construction, LLC ("RCS") has removed this action to this Court, stating that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Petition for Removal ¶ 5.) Having reviewed the complaint and petition for removal, the Court is not satisfied that it has subject matter jurisdiction of this action. The Court will hold a hearing on June 14, 2010, at 10:00 a.m., to address subject matter jurisdiction. The parties are granted leave to file supplemental briefing, if they wish, no later than May 18, 2010.

**STANDARD OF REVIEW**

Section 1332(a) of Title 28 of the United States Code states that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different states." 28 U.S.C. § 1332(a). A defendant may remove a case from state to federal court if the federal court has this original jurisdiction over the claim. 28 U.S.C. §§ 1441(a), 1446(a). Where a defendant removes a case and the federal court lacks this subject matter jurisdiction, the district

NOT FOR PUBLICATION

court must remand the case to state court. 28 U.S.C. § 1447(c). This statute provides in pertinent part:

> If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal.

28 U.S.C. §1447(c). The Third Circuit has reminded that district courts "have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue sua sponte." Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995).

If a defendant is a citizen of the same state as any plaintiff, there is no diversity and a district court does not have jurisdiction. See Employers Ins. of Wausau v. Crown Cork and Seal Co., 905 F.2d 42, 45 (3d Cir. 1990). The diversity jurisdiction statute deems a corporation to be a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(b). The United States Supreme Court has concluded that the "principal place of business" is "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (2010).

NOT FOR PUBLICATION

## DISCUSSION

Plaintiff alleges in its complaint that defendant's principal place of business is in New Jersey. (Compl. ¶ 2.) Plaintiff states in its complaint that its own office is also located in New Jersey (Compl. ¶ 1.), and plaintiff's website, under the "Contact Us" section, lists a New Jersey post office box and a New Jersey telephone number as the means of contacting plaintiff. This suggests that plaintiff's "nerve center" is in New Jersey, and that plaintiff and defendant may both be New Jersey corporations under the diversity jurisdiction statute. The Court will determine whether plaintiff and defendant are in fact both New Jersey corporations under this statute at the June 14 hearing.

## CONCLUSION

The Court requires the parties to appear in this Court on June 14, 2010, at 10:00 a.m., for a hearing to address the Court's subject matter jurisdiction of this action. The parties are granted leave to file supplemental briefing, if they wish, no later than May 18, 2010.
.

**April 23, 2010**                               **s/ William H. Walls**
                                                 United States Senior District Judge